UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

REGIONAL LOCAL UNION NOS. 846 and 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO,

and

REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST, *f/k/a LOCAL846 REBAR WELFARE TRUST*, by and through its Board of Trustees;

and

REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST, *f/k/a REBAR RETIREMENT PLAN AND TRUST*, by and through its Board of Trustees;

and

REGIONAL DISTRICT COUNCIL TRAINING TRUST, *f/k/a LOCAL 846 TRAINING TRUST*, by and through its Board of Trustees;

and

REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, *f/k/a LOCAL 846 VACATION TRUST*, by and through its Board of Trustees;

Plaintiffs,

v.

MILE HIGH RODBUSTERS, Inc., a Colorado Corporation,

and

THE REINFORCING COMPANY, Inc., a Colorado Corporation,

Civil Number: 20-cv-00673

| | |
|---|---|
| and | ) |
| | ) |
| KRISTINE GARCIA, | ) |
| | ) |
| and | ) |
| | ) |
| BRANDON GARCIA, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

COME NOW plaintiffs, and for their cause of action against defendants, allege and state as follows:

**Parties**

1. Plaintiffs Regional Local Union Nos. 846 and 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Unions") are "employee organizations" within the meaning of § 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1002(4), and are labor organizations within the meaning of Section 1(5) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 151(5).

2. Plaintiff Regional District Council Welfare Plan and Trust, *f/k/a Local 846 Rebar Welfare Trust* (hereinafter "Welfare Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Welfare Trust was amended by its board of trustees in 2008. In all respects, the Welfare Trust remains the same legal entity. The board of trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are

authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Regional District Council Retirement Plan and Trust, *f/k/a Rebar Retirement Plan and Trust* (hereinafter "Pension Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Pension Trust was changed by an amendment adopted by its board of trustees in 2008. In all respects, the Pension Trust remains the same legal entity. The board of trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Regional District Council Training Trust, *f/k/a Local 846 Training Trust* (hereinafter "Training Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Training Trust was changed by an amendment adopted by its board of trustees in 2008. In all respects, the Training Trust remains the same legal entity. The board of trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5. Plaintiff Regional District Council Vacation Trust Fund, *f/k/a Local 846 Vacation Trust* (hereinafter "Vacation Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Vacation Trust was changed by an amendment adopted by its board of trustees in 2008. In all respects, the Vacation Trust remains the same legal entity. The board of trustees are fiduciaries

within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. Together, the Welfare Trust, Pension Trust, Training Trust, and Vacation Trust shall be referred to as the "Funds."

7. Defendant Mile High Rodbusters, Inc. ("MHR") is a Colorado corporation that is, was, and at all relevant times has been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

8. Defendant the Reinforcing Company, Inc. ("TRC") is a Colorado corporation that is, was, and at all relevant times has been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

9. Defendant Kristine Garcia is a resident of Colorado and is the sole owner of defendant TRC.

10. Defendant Brandon Garcia is a resident of Colorado, the husband of defendant Kristine Garcia, and the General Manager of defendant TRC.

## **Jurisdiction and Venue**

11. This Court has subject matter jurisdiction over the Funds' and their trustees' claims by virtue of ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3) and 1145, in that the trustees are fiduciaries who seek to enforce provisions of certain trust documents establishing the Funds.

12. This Court has subject matter jurisdiction over the Unions' claims pursuant to LMRA § 301(a) and (c), 29 U.S.C. § 185(a) and (c), in that they seek to enforce obligations pursuant to a valid and binding collective bargaining agreement.

13. Jurisdiction and venue are proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

14. Jurisdiction and venue are proper in this Court pursuant to LMRA § 301(a), 29 U.S.C. § 185(a).

**Facts Common to All Counts**

15. Upon information and belief, defendant MHR ceased doing business in or around 2013.

16. Defendant Brandon Garcia was the sole owner and president of defendant MHR.

17. Defendant MHR executed a collective bargaining agreement with the Unions on June 21, 2011 ("Agreement"). Attached and incorporated as Exhibit 1 is a true and accurate copy of the Agreement.

18. Under the Agreement, signatory employers recognize the Unions as the exclusive collective bargaining representative of all craft work covered by the Agreement within the geographical areas covered by the Agreement. See Exhibit 1, Art. I.

19. Pursuant to the Agreement, signatory employers agree to the establishment of and to be bound by certain trusts establishing the Funds. See Exhibit 1, Art. XVII, §§ 1-4.

20. The trust documents are incorporated into the Agreement as they existed at the date of the Agreement "and as they may be amended by the trustees from time to time during the term of this Agreement." Thus, the trust documents "apply to the signatory Employer." See Exhibit 1, Art. XVII, § 9.

21. The legal names of the Plaintiff Welfare Trust, Pension Trust, Training Trust and Vacation Trust were amended by the Board of Trustees in 2008. In all other respects, the Funds remain the same as those referenced in the Agreement.

22. The Agreement requires signatory employers to pay contributions at specified hourly rates for each hour worked by each employee covered by the Agreement. Such contributions are to be paid at the office of the Plaintiff Funds. See Exhibit 1, Art. XVII, § 6.

23. The rates of contribution are subject to change, as provided in the Agreement. See Exhibit 1, Art. XVII, §§ 6, 7.

24. Signatory employers are required to file reports of its hours and to pay contributions by the fifteenth day of each month for the previous month's work. See Exhibit 1, Art. XVII, §§ 8, 9.

25. If a signatory employer fails to pay contributions by the fifteenth day of a particular month, it is liable for interest in the amount of one and one-half percent (1-1/2%) per month on all unpaid balances, accounting fees, attorney's fees, auditing fees, and expert fees in the event of litigation to collect delinquent contributions. See Exhibit 1, Art. XVII, § 8.

26. Pursuant to the trust documents and collection policy governing the Funds and ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), signatory employers are liable to the Funds for liquidated damages in the amount of twenty percent (20%) of any delinquency.

27. The Agreement requires signatory employers to submit dues and working assessments via check-off and to forward them to the Unions. See Exhibit 1, Art. XIX.

28. The Agreement requires signatory employers to remit such check-off amounts to the Unions, along with a list of covered employees, by the fifteenth day of each month. See Exhibit 1, Art. XIX.

29. On January 28, 2013, plaintiffs filed suit against defendant MHR in the United States Court for the District of Colorado, Case No. 1:13-cv-00214-REB-KLM, to collect unpaid fringe benefit contributions and dues.

30. On March 9, 2015, plaintiffs received a judgment in the amount of $79,079.87 against defendant MHR.

31. To date, plaintiffs have been unable to collect the judgment from defendant MHR.

32. Defendant MHR failed to timely terminate the Agreement and thus is still bound by its terms.

33. Shortly before defendant MHR ceased doing business, defendant Kristine Garcia incorporated defendant TRC on September 19, 2013.

34. Defendant TRC performs the same type of work that defendant MHR previously performed: reinforcing iron work.

35. Prior to forming defendant TRC, defendant Kristine Garcia had no experience in the construction industry.

36. Defendant TRC employs or has employed several key managerial employees from defendant MHR, including defendant Brandon Garcia, Brian Connolly, and Brandon's father, Robert Garcia.

37. The same individuals responsible for the management of defendant MHR, its procurement of work, day to day operations, and labor relations perform or have performed the same duties for defendant TRC.

38. Defendant TRC has employed numerous individuals who were former employees of defendant MHR.

39. Defendant TRC has performed work for numerous contractors which were former customers of defendant MHR.

40. Defendant TRC has utilized several of the same service providers that defendant MHR previously utilized, including a bank, insurance providers, and suppliers.

41. Defendants Kristine Garcia and Brandon Garcia have used assets of defendant TRC to make personal purchases, including Halloween costumes, gym memberships, makeup, music lessons, a Louis Vuitton purse, and vacations.

**COUNT I: Unpaid Contributions by Defendant MHR**

Come now plaintiffs, and for Count I of their Complaint, state as follows:

42. Plaintiffs restate and reincorporate paragraphs 1 through 41 of their Complaint, as if fully set forth herein.

43. Subsequent to the delinquent periods covered by the March 9, 2015 judgment, defendant MHR has failed to make contributions and remit dues pursuant to the Agreement.

44. Since defendant MHR has failed to submit monthly fringe benefit reports or payments to plaintiffs pursuant to the Agreement, the full amount of any delinquency owed to plaintiffs is unknown and cannot be known without an audit of defendant MHR's records.

45. Since the amount of contributions due is not known, plaintiffs lack an adequate remedy at law. Plaintiffs will suffer immediate, continuing and irreconcilable injury and damage unless defendant MHR is ordered to specifically perform all of its obligations required under the Agreement and to submit its records to an audit and to pay outstanding contributions due, interest, liquidated damages, dues, and other costs as set forth herein, in the Agreement, trust documents and ERISA.

WHEREFORE, plaintiffs pray that the Court enter a judgment against defendant MHR, awarding damages to plaintiffs in an amount to be proven for subsequent unpaid dues and contributions, together with mandatory and agreed upon liquidated damages and interest on the contributions, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment, ordering an accounting and audit to determine the precise amounts due and owing, and awarding plaintiffs their reasonable attorneys' fees and costs, and granting such other relief that the Court may deem just and proper.

**COUNT II: Defendant TRC is the Alter Ego of Defendant MHR**

Come now plaintiffs, and for Count II of their Complaint, state as follows:

46. Plaintiffs restate and reincorporate paragraphs 1 through 41 of their Complaint, as if fully set forth herein.

47. Defendant TRC and defendant MHR have operated without any regard for their supposed corporate separateness and are disguised forms of the same entity. Defendant TRC has been operated so as to evade the responsibilities imposed under the Agreement to which defendant MHR is signatory. As such, defendant TRC and defendant MHR are alter egos.

48. Defendant TRC's corporate and/or business existence is independent of defendant MHR in form only and the independent forms are used as a subterfuge to justify a wrong or to perpetrate a fraud against plaintiffs and/or other creditors of defendant MHR.

49. As the alter ego of defendant MHR, defendant TRC is liable for the amounts defendant MHR owed to plaintiffs, including plaintiffs' March 9, 2015 judgment against defendant MHR.

50. Defendant TRC is bound to the Agreement to the same extent as defendant MHR and plaintiffs are entitled to pierce the corporate veil of defendant MHR and to enforce against

defendant TRC all obligations imposed under the Agreement, including the obligations to remit fringe benefit contributions and dues to plaintiffs.

51. Since defendant TRC has failed to submit monthly fringe benefit reports or payments to plaintiffs pursuant to the Agreement, the full amount of any delinquency owed to plaintiffs is unknown and cannot be known without an audit of defendant TRC's records.

52. Since the amount of contributions due is not known, plaintiffs lack an adequate remedy at law. Plaintiffs will suffer immediate, continuing and irreconcilable injury and damage unless defendant TRC is ordered to specifically perform all of its obligations required under the Agreement and to submit its records to an audit and to pay outstanding contributions due, interest, liquidated damages, dues, and other costs as set forth herein, in the Agreement, trust documents and ERISA.

WHEREFORE, plaintiffs pray that the Court enter a judgment against defendant TRC, holding it liable for the March 9, 2015 judgment against defendant MHR, awarding damages to plaintiffs in an amount to be proven for subsequent unpaid dues and contributions, together with mandatory and agreed upon liquidated damages and interest on the contributions, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment, ordering an accounting and audit to determine the precise amounts due and owing, and awarding plaintiffs their reasonable attorneys' fees and costs, and granting such other relief that the Court may deem just and proper.

**COUNT III: Defendant Kristine Garcia is the Alter Ego of Defendant TRC**

Come now plaintiffs, and for Count III of their Complaint, state as follows:

53. Plaintiffs restate and reincorporate paragraphs 1 through 41 of their Complaint, as if fully set forth herein.

54. Defendant Kristine Garcia has made personal purchases using defendant TRC's corporate assets, without any regard for corporate separateness.

55. Defendant Kristine Garcia controls the assets of defendant TRC to the extent that defendant TRC lacks a separate existence of its own.

56. Defendant Kristine Garcia formed defendant TRC in order to evade the responsibilities imposed under the Agreement to which defendant MHR is signatory.

57. There is a complete unity of interest between defendant Kristine Garcia and defendant TRC.

58. As such, defendant TRC's corporate veil should be pierced and defendant Kristine Garcia should be held liable for defendant TRC's debts and obligations, including those debts and obligations resulting from defendant TRC's status as an alter ego of defendant MHR.

59. As a result, defendant Kristine Garcia should be held liable for plaintiffs' March 9, 2015 judgment against defendant MHR.

60. Furthermore, defendant Kristine Garcia should be held responsible for defendant TRC's obligations under the Agreement to remit fringe benefit contributions and dues to plaintiffs under the Agreement.

61. Since defendant Kristine Garcia has failed to submit monthly fringe benefit reports or payments to plaintiffs pursuant to the Agreement, the full amount of any delinquency owed to plaintiffs is unknown and cannot be known without an audit of defendant Kristine Garcia's records.

62. Since the amount of contributions due is not known, plaintiffs lack an adequate remedy at law. Plaintiffs will suffer immediate, continuing and irreconcilable injury and damage unless defendant Kristine Garcia is ordered to specifically perform all of her obligations required under the Agreement and to submit to an audit and to pay outstanding contributions due, interest,

liquidated damages, dues, and other costs as set forth herein, in the Agreement, trust documents and ERISA.

WHEREFORE, plaintiffs pray that the Court enter a judgment against defendant Kristine Garcia, holding her liable for the March 9, 2015 judgment against defendant MHR, awarding damages to plaintiffs in an amount to be proven for subsequent unpaid dues and contributions, together with mandatory and agreed upon liquidated damages and interest on the contributions, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment, ordering an accounting and audit to determine the precise amounts due and owing, and awarding plaintiffs their reasonable attorneys' fees and costs, and granting such other relief that the Court may deem just and proper.

**COUNT IV: Defendant Brandon Garcia is the Alter Ego of Defendant TRC**

Come now plaintiffs, and for Count IV of their Complaint, state as follows:

63. Plaintiffs restate and reincorporate paragraphs 1 through 41 of their Complaint, as if fully set forth herein.

64. Defendant Brandon Garcia has made personal purchases using defendant TRC's corporate assets, without any regard for corporate separateness.

65. Defendant Brandon Garcia controls the operations of defendant TRC to the extent that defendant TRC lacks a separate existence of its own.

66. Defendant Brandon Garcia operates defendant TRC in order to evade the responsibilities imposed under the Agreement to which defendant MHR is signatory.

67. There is a complete unity of interest between defendant Brandon Garcia and defendant TRC.

68. As such, defendant TRC's corporate veil should be pierced and defendant Brandon Garcia should be held liable for defendant TRC's debts and obligations, including those debts and obligations resulting from defendant TRC's status as an alter ego of defendant MHR.

69. As a result, defendant Brandon Garcia should be held liable for plaintiffs' March 9, 2015 judgment against defendant MHR.

70. Furthermore, defendant Brandon Garcia should be held responsible for defendant TRC's obligations under the Agreement to remit fringe benefit contributions and dues to plaintiffs under the Agreement.

71. Since defendant Brandon Garcia has failed to submit monthly fringe benefit reports or payments to plaintiffs pursuant to the Agreement, the full amount of any delinquency owed to plaintiffs is unknown and cannot be known without an audit of defendant Brandon Garcia's records.

72. Since the amount of contributions due is not known, plaintiffs lack an adequate remedy at law. Plaintiffs will suffer immediate, continuing and irreconcilable injury and damage unless defendant Brandon Garcia is ordered to specifically perform all of his obligations required under the Agreement and to submit to an audit and to pay outstanding contributions due, interest, liquidated damages, dues, and other costs as set forth herein, in the Agreement, trust documents and ERISA.

WHEREFORE, plaintiffs pray that the Court enter a judgment against defendant Brandon Garcia, holding him liable for the March 9, 2015 judgment against defendant MHR, awarding damages to plaintiffs in an amount to be proven for subsequent unpaid dues and contributions, together with mandatory and agreed upon liquidated damages and interest on the contributions, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest

accruing up through the date of judgment, ordering an accounting and audit to determine the precise amounts due and owing, and awarding plaintiffs their reasonable attorneys' fees and costs, and granting such other relief that the Court may deem just and proper.

Respectfully submitted,

HARTNETT REYES-JONES, LLC

/s/ Michael A. Evans
MICHAEL A. EVANS, MO Bar. No. 58585
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone: 314-531-1054
Facsimile: 314-531-1131
mevans@hrjlaw.com

Attorneys for Plaintiffs