IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00673-SKC

REGIONAL LOCAL UNION NOS. 846 AND 847, *International Associations of Bridge Structural, Ornamental and Reinforcing Iron Workers, AFLC-CIO*,
REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST, *by and through its Board of Trustees, f/k/a Local 846 Rebar Welfare Trust*,
REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST, *by and through its Board of Trustees, f/k/a Rebar Retirement Plan and Trust,*
REGIONAL DISTRICT COUNCIL TRAINING TRUST, *by and through its Board of Trustees, f/k/a Local 846 Training Trust,* and
REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, *by and through its Board of Trustees, f/k/a Local 846 Vacation Trust*,

       Plaintiffs,

v.

MILE HIGH RODBUSTERS, INC., *a Colorado corporation*,
THE REINFORCING COMPANY, INC., *a Colorado corporation*,
KRISTINE GARCIA, and
BRANDON GARCIA,

       Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO FILE UNDER SEAL [#2]

This Order addresses Plaintiffs' Motion to File Under Seal [#2] ("Motion").[1] The Court has considered the Motion, the entire record, and relevant case law. No hearing is necessary. For the following reasons, the Court DENIES the Motion.

---

[1] The Court uses "[#__ ]" to refer to entries in the CM/ECF Court filing system.

1

## A. DISCUSSION

Plaintiffs bring this action to enforce a judgment entered in their favor in 2015 against Defendants for Defendant Mile High Rodbusters, Inc.'s violation of a 2011 collective bargaining agreement (the "CBA"). [*See* #1.] Plaintiffs seek leave to file the entire Complaint [#1] under seal. [#2.]

Pursuant to Local Rule 7.2, motions to restrict must address the following factors:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the restriction level sought.

D.C.COLO.LCivR 7.2(c).

Whether judicial records should be sealed is left to the discretion of the trial court. *See Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754 (10th Cir. 2009). When exercising this discretion, "[c]ourts have long recognized a common-law right of access to judicial records, but this right is not absolute." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks omitted). This presumption in favor of access to judicial records may be overcome where "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th

2

Cir.2007) (internal quotation marks omitted). The burden is on the moving party to show "some significant interest that outweighs the presumption." *Id.* (internal quotation marks omitted); *see also* D.C.COLO.LCivR 7.2(c)(2) (requiring identification of interest to be protected and explanation of why that interest outweighs the presumption of public access).

> The Motion is one paragraph long and states simply and in its entirety:
>
> COME NOW plaintiffs and move to file their complaint under seal. In support of this motion, plaintiffs state that some of the allegations made in the complaint were derived from documents produced under the protective order entered in Case No. 1:13-cv-00214-REB-KLM (Document 66). WHEREFORE, plaintiffs respectfully request that the complaint be filed under seal.

[#2.]

The Motion does not even attempt to address a single factor under D.C.COLO.LCivR 7.2(c). The reason it offers for sealing the entire Complaint is that "some of the allegations made in the complaint were derived from documents produced under" a protective order in a prior completed case. [*Id.*] The Motion does not state that the Complaint contains information that was subject to a prior protective order. Instead, it more vaguely claims that some allegations in the complaint "derive[ ] from documents produced under a protective order." [*Id.*] This is too vague an assertion to understand whether the Complaint contains information that meets the requirements of D.C.COLO.LCivR 7.2(c). Moreover, this Court is loath to redact wholesale pleadings; the Motion does not explain why it's not feasible to merely redact protected material rather than the entire Complaint.

3

The Motion does not state what allegations were "derived from" these documents, or what it means that any allegations were "derived from" these documents, or explain the good cause that supported the entry of the prior protective order which might (or might not) support any sealing here. The fact that some allegations are "derived from" documents subject to a protective order in a separate matter is insufficient to overcome the public's interest in access to court records. *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (holding that a party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court[,]" but instead, it "must articulate a real and substantial interest that justifies depriving the public of access to the records *that inform* [the court's] *decision-making process*" (emphasis added)). This is especially true where, as here, a party wants to restrict access to a document that is at "the heart of the issues" in the litigation, *i.e.*, the Complaint itself. *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2015 WL 3440476, at *2 (D. Kan. May 28, 2015) (denying request to file Class Action Master Complaint under seal because the Complaint's "allegations go to the 'heart of the issues' in this multi-district litigation" and thus, they "are undoubtedly relevant to the public's understanding of this litigation and evaluation of the legal process").

Moreover, Plaintiffs fail to "articulate a real and substantial interest that justifies depriving the public of access to the records." *Helm*, 656 F.3d at 1292; D.C.COLO.LCivR 7.2(c). To the extent Plaintiffs have any interest in sealing the Complaint or the CBA from public access, the Court finds that these documents "are undoubtedly relevant to the public's understanding of this litigation and evaluation of the legal process." *Cf. In re*

*Syngenta*, 2015 WL 3440476, at *2. Thus, Plaintiffs' interests do not outweigh the public's interest in understanding this ligation. Accordingly, Plaintiff has not overcome the presumption in favor of public access.

**B. CONCLUSION**

For these reasons, IT IS ORDERED that the Motion is DENIED. IT IS FURTHER ORDERED that the Clerk of Court shall remove the Level 1 Restriction from the Complaint [#1], its attachments, and the Motion to File Under Seal [#2].

DATED: April 14, 2020

BY THE COURT:

S. Kato Crews
United States Magistrate Judge