IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00673-SKC

REGIONAL LOCAL UNION NOS. 846 AND 847, International Associations of Bridge Structural, Ornamental and Reinforcing Iron Workers, AFLC-CIO,
REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST, by and through its Board of Trustees, f/k/a Local 846 Rebar Welfare Trust,
REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST, by and through its Board of Trustees, f/k/a Rebar Retirement Plan and Trust,
REGIONAL DISTRICT COUNCIL TRAINING TRUST, by and through its Board of Trustees, f/k/a Local 846 Training Trust, and
REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, by and through its Board of Trustees, f/k/a Local 846 Vacation Trust,

       Plaintiffs,

v.

MILE HIGH RODBUSTERS, INC., a Colorado corporation,
THE REINFORCING COMPANY, INC., a Colorado corporation,
KRISTINE GARCIA, and
BRANDON GARCIA,

       Defendants.

## ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. 55]

This Order addresses Plaintiff's Motion for Summary Judgment [Dkt. 55.] The Court has reviewed the Motion, all related briefing, the entire record, and applicable law. No hearing is necessary.[1] For the reasons stated herein, the Motion is DENIED.

---

[1] The issues raised by the Motion are fully briefed, obviating the need for a hearing or oral argument. *Cf.* Fed. R. Civ. P. 56(a); *Geear v. Boulder Cmty. Hosp.*, 844 F.2d

## A. JURISDICTION

The Court has jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## B. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). "Summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to a genuine dispute." *International Broth. of Electrical Workers, Local Union No. 231 v. Pottebaums Service Electric, LLC*, No. C 10-4096-MWB, 2013 WL 5936656 (N.D. Iowa Nov. 6, 2013); Fed. R. Civ. P. 56(a).

## C. DISCUSSION

Disputed issues of material fact preclude summary judgment. In a different lawsuit, Default Judgment entered against Defendant Mile High Rodbusters (MHR) in the amount of $79,079.87, consisting of (1) unpaid fringe benefit contributions of $34,845.89, (2) total interest of $29,373.04, (3) reasonable attorney fees of $14,378.43, and (4) costs of $482.51. *See Regional District Council v. Mile High Rodbusters, Inc.*, No. 1:13-cv-00214-REB-KLM, Dkt. 44, p. 10 (D. Colo. Nov. 25, 2014), *report and recommendation adopted*, 85 F. Supp.3d 1235, 1239 (D. Colo. 2015). In this case,

---

764, 766 (10th Cir. 1988) (any hearing requirement for summary judgment motions is satisfied by the court's review of the briefs and supporting materials submitted by the parties).

Plaintiffs seek to establish Defendant The Reinforcing Company ("TRC") as the alter ego of MHR, and reverse pierce the corporate veil to find Defendants Brandon and Kristine Garcia as the alter egos of Defendant TRC for purposes of collecting on the Default Judgment.

It is clear from the Motion and Response that there are genuine disputes of material fact bearing on whether TRC is an alter ego of MHR, and whether the Garcia Defendants are the alter egos of Defendant TRC. Moreover, the trial of this matter is to the Court. The Court finds credibility determinations will be critical given the nature of the alter-ego inquiry raised here.

The Motion is DENIED.

A four-day Bench Trial is set for October 24, 2022, at 9:00 am before Magistrate Judge S. Kato Crews. The Final Pretrial Conference/Trial Preparation Conference is set for September 12, 2022, at 10:30 am, with the Proposed Final Pretrial Order due two weeks before.

SO ORDERED.

DATED: July 12, 2022.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge